IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EMMANUEL JACKSON,**　　　　　　　　　CASE NO. 1:19 CV 1865

　　Petitioner,

　　v.　　　　　　　　　　　　　　　　　JUDGE JAMES R. KNEPP II

**WARDEN BRANDESHAWN HARRIS,**
　　　　　　　　　　　　　　　　　　　**MEMORANDUM OPINION AND**
　　Respondent.　　　　　　　　　　　　**ORDER**

### INTRODUCTION

*Pro se* petitioner Emmanuel Jackson ("Petitioner") seeks judicial review of an order denying his motion for leave to amend a petition for a writ of habeas corpus. This case was referred to Magistrate Judge David A. Ruiz for a Report and Recommendation ("R&R") as to the underlying Petition (Doc. 1), under Local Civil Rule 72.2(b)(2). (Non-document entry dated August 21, 2019). Petitioner filed a motion for leave to amend the Petition on January 23, 2020 (Doc. 10), which Respondent Warden Brandeshawn Harris ("Respondent") opposed (Doc. 11). In a written order dated February 7, 2020, Judge Ruiz denied Petitioner's motion. (Doc. 13). Petitioner filed a timely objection to that order (Doc. 15), and Respondent filed a response thereto (Doc. 16). The Court has jurisdiction over the Petition under § 2254(a). For the reasons set forth below, the Court finds Judge Ruiz's order is not clearly erroneous or contrary to law and therefore overrules Petitioner's objections.

### BACKGROUND

The underlying Petition, filed August 3, 2019, stems from Petitioner's jury trial conviction for aggravated robbery, robbery, grand theft, kidnapping, and a repeat violent

offender specification in the Cuyahoga County, Ohio Court of Common Pleas. (Doc. 1, at 1-2). In the Petition, he raised a single ground for relief: "Petitioner's right to Due Process under the Fifth and Fourteenth Amendments to the U.S. Constitution was violated when the prosecutor entered into a plea agreement with Petitioner's co-defendants which stipulated that the co-defendants would not testify on behalf of Petitioner." *Id*. at 4.

On January 23, 2020, Petitioner filed a motion for leave to amend his Petition. (Doc. 10). Therein, Petitioner sought to add a claim of actual innocence "to overcome any claimed procedural defaults in the state court proceedings[.]". *Id*. at 1. In support, Petitioner also sought to add an affidavit from co-defendant Anthony Palmentera. *Id*. at 1-2. Petitioner noted the affidavit could be found in the record, attached to a November 2018 motion for a new trial. *Id.* (citing Ex. 14, Doc. 7-1, at 97).

In an order dated February 7, 2020, Judge Ruiz denied Petitioner's motion to amend concluding it was untimely filed and futile. *See* Doc. 13.

## STANDARD OF REVIEW

A motion to amend a habeas petition is a pretrial, non-dispositive, matter which magistrate judges are authorized to decide. 28 U.S.C. § 636(b)(1)(A). Federal Rule of Civil Procedure 72(a) addresses a district judge's review of a magistrate judge's decision on non-dispositive matters:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. *** The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

*See also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter. . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

## DISCUSSION

Petitioner raises two objections to Judge Ruiz's order. First, he objects to the denial of his motion for leave to amend on the ground that a copy of his proposed amendment and affidavit were not provided with his motion. (Doc. 15, at 2). But Judge Ruiz did not deny the motion on this basis. In his motion to amend, Petitioner implied the Palmentera affidavit and his "new ground" for relief were attached, within an amended petition, to his motion. (Doc. 10, at 2). However, as Judge Ruiz pointed out (Doc. 13, at 2), and Petitioner later acknowledged in his objection (Doc. 15, at 2), these documents were not attached to the filing. Petitioner said he enclosed the documents with the filing, but they were somehow lost "along the way". (Doc. 15, at 2). Though Judge Ruiz mentioned the filing omission (Doc. 13, at 2), he did not deny the motion based on the absence of these documents. Rather, Judge Ruiz denied Petitioner's motion to amend on two grounds: untimeliness and futility. Because Petitioner's omitted attachments were not the basis for Judge Ruiz denying the motion to amend, the Court overrules Petitioner's first objection.

In his second objection, Petitioner objects to Judge Ruiz's "narrow reading" of his motion. (Doc. 15, at 2). Respondent accurately characterizes Petitioner's second objection as "contradictory", explaining that on one hand, Petitioner continues to argue he wants to add an actual innocence claim to excuse a procedural default and, on the other hand, sought leave to add a freestanding actual innocence claim. (Doc. 16, at 3). Judge Ruiz addressed both arguments and

3

concluded an amendment under either theory would be futile[1]. First, he explained that a claim of actual innocence is typically used to overcome a procedural default. (Doc. 13, at 3-4). At the time Petitioner filed his motion to amend, Respondent's Return of Writ had been filed; it did not assert procedural default, but rather argued Petitioner's asserted ground for relief failed on the merits. *See* Doc. 7. Thus, Judge Ruiz's conclusion that an amendment to add an actual innocence claim to excuse an assertion of procedural default would be futile is not clearly erroneous or contrary to law. (Doc. 13, at 4).

Second, Judge Ruiz explained that a freestanding claim of actual innocence based upon newly discovered evidence is not cognizable on habeas review absent an independent constitutional violation. *Id.* (citing cases). He concluded, as Petitioner professed, the affidavit "relate[d] back to Ground One of [the] petition", but found it did not raise an independent constitutional violation. *Id*. at 5 (quoting Doc. 10, at 1); *see also Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation[.]"); *Legrone v. Birkett,* 571 F. App'x 417, 421 (6th Cir. 2014) (same); *Byrd v. Bauman*, 275 F. Supp. 3d 842, 849 (E.D. Mich. 2017) (holding a new affidavit did not establish an independent constitutional violation, it only supplemented an existing ground for relief). Confusingly, in his objection, Petitioner actually denies he made a freestanding claim of actual innocence. (Doc. 15, at 6) ("[N]o freestanding claim of actual innocence was presented or even

---

1. As noted, Judge Ruiz concluded the motion to amend was untimely, filed more than 21 days after the three possible triggering events listed in Federal Rule of Civil Procedure 15(a)(1)(A)-(B). (Doc. 13, at 2-3). Because the motion was untimely filed, he explained an amendment could only be permitted by leave of court, absent Respondent's consent. *Id*. (citing Fed. R. Civ. P. 15(a)(2)). He further noted that leave to amend should be freely granted unless there is a showing of undue delay, bad faith, dilatory motives, undue prejudice to the opposing party, or futility. *Id*. at 3 (citing *Brumbalough v. Camelot Care Ctrs., Inc*., 427 F.3d 996, 1001 (6th Cir. 2005)).

5

alluded to."). Regardless, Petitioner has not shown Judge Ruiz's conclusion – that an amendment to add a claim of actual innocence under either theory would be futile – is clearly erroneous or contrary to law. Thus, Petitioner's second objection is also overruled.

## CONCLUSION

For the foregoing reasons, the Court finds Judge Ruiz's decision denying Petitioner's motion to amend was not clearly erroneous or contrary to law. Petitioner's objections (Doc. 15) are thus overruled.

                                                s/ *James R. Knepp II*
                                                UNITED STATES DISTRICT JUDGE