IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EMMANUEL JACKSON,**

Petitioner,

v.

**BRANDESHAWN HARRIS, WARDEN,**

Respondent.

CASE NO. 1:19 CV 1865

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

Petitioner Emmanuel Jackson ("Petitioner), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). This case was referred to Magistrate Judge Amanda A. Knapp for a Report and Recommendation ("R&R") regarding the Petition under Local Civil Rule 72.2(b)(2). On June 23, 2022, Judge Knapp issued an R&R recommending the Court deny the Petition. (Doc. 22). Following this Court's grant of two extensions of time, Petitioner filed objections to the R&R (Doc. 27); Respondent filed a response to those objections (Doc. 28).

The Court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). For the reasons set forth below, the Court overrules Petitioner's objections, adopts the R&R in its entirety, and denies Petitioner's habeas Petition.

### BACKGROUND

This habeas case, filed on August 3, 2019, stems from Petitioner's jury trial conviction in the Cuyahoga County Court of Common Pleas on charges of aggravated robbery, robbery, grand theft, and kidnapping. *See State v. Jackson*, 2018-Ohio-1633, at ¶ 10 (Ohio Ct. App.).

> Petitioner's habeas Petition raises a single ground for relief:
>
> Petitioner's right to Due Process under the Fifth and Fourteenth Amendments to the U.S. Constitution was violated when the prosecutor entered into a plea agreement with Petitioner's co-defendants which stipulated that the co-defendants would not testify on behalf of Petitioner.

(Doc. 1, at 4). The Ohio appellate court found the State's plea agreement with Petitioner's co-defendants improper, but further found Petitioner had not demonstrated a violation of his constitutional rights to compulsory process or due process because, *inter alia*, Petitioner had not made the required "plausible showing of how the witness's testimony would have been both material and favorable to his defense." *Jackson*, 2018-Ohio-1633, at ¶ 21 (citing *United States v. Valenzuela-Bernal*, 458 U.S. 858, 873 (1982)); *see also id.* at ¶ 24 ("In this case, Jackson does not explain what material, favorable evidence Palmentera and Lease would have provided for his defense. At least a 'plausible theory' of how the testimony of the missing witnesses would be helpful to the defense must be offered, however.").

In her R&R, Judge Knapp recommends the Court deny this ground on the merits, as Petitioner has not demonstrated the state court's decision was contrary to, or an unreasonable application of, clearly established federal law. *See* Doc. 22.

## STANDARD OF REVIEW

When a party objects to the Magistrate Judge's R&R, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

This Court adopts all uncontested findings and conclusions from the R&R and reviews *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213–14 (6th Cir. 1981). To trigger *de novo* review, objections

2

must be specific, not "vague, general, or conclusory." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). This specific-objection requirement is meant to direct this Court to "specific issues for review." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). General objections, by contrast, ask this Court to review the entire matter *de novo*, "making the initial reference to the magistrate useless." *Id.*

"A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review. *Fondren v. Am. Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D. Tenn.); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). General objections trigger only clear-error review. *Equal Emp. Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018).

## DISCUSSION

At the outset, the Court agrees with Respondent that Petitioner's objections are largely repetitive of the arguments made previously rather than identifying specific error in the R&R's analysis. Nevertheless, the Court addresses Petitioner's arguments below.

First, Petitioner contends that "[o]n federal habeas review, the question is whether the actions of the State of Ohio and the trial court violated Jackson's rights to due process and a fair trial, along with the right to compulsory process." (Doc. 27, at 3). But this is not the question on federal habeas review. The question, instead, is whether the state court's determination of Petitioner's claim "resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As the R&R points out, therefore, reliance on circuit court or state court decisions is unavailing. *See* Doc. 22, at 24-25. The Supreme Court has explained that to establish a violation of the right to compulsory process, an individual "must at least make some plausible showing of how [the] testimony would have been both material and favorable to his defense." *Valenzuela-Bernal*, 458 U.S. at 867. Petitioner's attempt in his objections to rely on the Fifth Circuit case of *United States v. Desena*, 287 F.3d 170, 176 (5th Cir. 2002), for the proposition that "[w]here the prosecution is responsible for the unavailability of a witness, the defendant's burden is lighter in this respect, [] but it does not disappear altogether" is futile in the present context.

Second, Petitioner's arguments to this Court – as they were to the Magistrate Judge – are built upon a foundation of a presumption that the co-defendants' testimony would have been favorable or that prejudice should be presumed. *See* Doc. 27, at 3 ("[T]he government purposely compelled favorable witnesses *not* to testify at trial on [Petitioner's] behalf."); Doc. 27, at 5 ("[I]t can be presumed that Lease and Palmentera would have been favorable witnesses to the defense – why else would the State of Ohio have wanted to prevent them from testifying on [Petitioner's] behalf?"); Doc. 27, at 6 ("[T]he evidence lost through the actions of the State in precluding their testimonies must be presumed to have been material and favorable enough to [Petitioner's] defense to establish violations of his Fifth and Sixth Amendment rights."). But this Court agrees with the Magistrate Judge's thorough and comprehensive analysis distinguishing the cases upon which Petitioner attempts to rely regarding presumed prejudice. That is, the Court finds Petitioner has not presented clearly established law (as determined by the United States Supreme Court) that there is a presumption of prejudice in this context.

4

Third, without addressing the Magistrate Judge's explanation for why Petitioner's later-submitted affidavit from one of the co-defendants – which was not before the Ohio appellate court – is not properly considered in this *habeas* proceeding (Doc. 22, at 28), Petitioner continues to rely on that affidavit throughout his Objections. *See* Doc. 27, at 5 ("And the affidavit later provided by Palmentera, wherein he avowed that Jackson 'had nothing to do with' the robbery . . . confirms that his testimony most definitely would have been favorable to Jackson."); Doc. 27, at 6 ("[T]he affidavit from Palmentera establishes that his testimony would have been highly favorable to his defense."). The Court agrees with the Magistrate Judge's analysis as to why consideration of the affidavit is not appropriate on review pursuant to 28 U.S.C. § 2254(d)(1).[1]

Fifth and finally, and without elaboration, Petitioner contends this matter should be set for an evidentiary hearing. *See* Doc. 27, at 8. Respondent argues at length against a hearing. *See* Doc. 28, at 5-8. No evidentiary hearing is required. First, Petitioner's request is conclusory and not developed. Second, Petitioner did not present an argument for an evidentiary hearing to the Magistrate Judge. *See* Docs. 1, 19. As such, this argument is waived. *See Murr v. United States*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."). Third, even if properly raised, *Cullen v. Pinholster* precludes holding an evidentiary hearing where, as here, the state court

---

1. The Court further observes Petitioner has not objected to the Magistrate Judge's determination that he "has not raised an independent claim relating to the denial of his motion for new trial", the state court proceeding in which he first submitted the affidavit. (Doc. 22, at 28)

5

has decided an issue on the merits. 563 U.S. 170, 181 (2011) ("review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits"). In these circumstances, therefore, the habeas court is limited to the record before the state courts. *Id.*

At base, Petitioner is required to show the state appellate court's decision on this issue was contrary to, or an unreasonable application of, federal law. 28 U.S.C. § 2254(d)(1). This requires a Petitioner to show the state court decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). As the R&R noted (Doc. 22, at 27), Petitioner conceded that "the state appellate court was correct that in his direct appeal no 'plausible theory' was offered as to what 'material, favorable evidence' would have been provided by either Palmentera or Lease". (Doc. 19, at 5). To establish a violation of the right to compulsory process or due process based on the absence of testimony, an individual "must at least make some plausible showing of how [that] testimony would have been both material and favorable to his defense." *Valenzuela-Bernal*, 458 U.S. at 867. The state court's evaluation of Petitioner's claim was a reasonable application of this standard. As such, Petitioner is not entitled to habeas relief.

## Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Petitioner's Objections (Doc. 28), be and the same hereby are, OVERRULED; and it is

FURTHER ORDERED that Judge Knapp's R&R (Doc. 22) be, and the same hereby is, ADOPTED as the Order of this Court, and the Petition (Doc. 1) is DENIED as set forth therein; and it is

6

FURTHER ORDERED that, because Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases. And the Court

FURTHER CERTIFIES that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

        s/ *James R. Knepp II*
        UNITED STATES DISTRICT JUDGE